IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ELIZABETH JESSE,

    Plaintiff,

v.                                     CIVIL ACTION NO. 1:20-00288

Kilolo Kijakazi,[1]
Acting Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on February 18, 2021, in which he recommended that the court deny plaintiff's motion for judgment on the pleadings (ECF No. 19), grant defendant's request to affirm the decision below (ECF No. 22), affirm defendant's final decision, and dismiss this action from the court's docket.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021.  Pursuant to Fed. R. Civ. P. 25(d), Kijakazi was substituted for Andrew Saul as the defendant in this action.

In accordance with 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file objections to the PF&R.  Plaintiff timely filed objections to the PF&R.  (ECF No. 24.)  Defendant timely filed a response to those objections.  (ECF No. 25.)

## I. Background

On March 24, 2017, plaintiff Elizabeth Jesse filed an application for Social Security Disability Insurance Benefits, alleging disability beginning on April 19, 2016,[2] due to back pain, diabetes, and asthma.  Upon denial of her claim, she sought and obtained an administrative hearing, which was held on December 17, 2018, before Administrative Law Judge Francine A. Serafin ("ALJ").  On March 21, 2019, the ALJ issued a decision finding that plaintiff was not disabled.  On February 26, 2020, the Appeals Council denied review, thereby making the ALJ's decision final.  Plaintiff timely sought judicial review.

## II. Standard of Review

Under § 636(b)(1), a district court is required to conduct a de novo review of those portions of a magistrate judge's report to which a specific objection has been made.  The court need not conduct a de novo review, however, "when a party makes

---

[2] During the hearing, it was discovered that plaintiff's initial alleged onset date was off by a year, and the ALJ amended it to this date.

2

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

Federal courts are not tasked with making disability determinations. Instead, they are tasked with reviewing the Social Security Administration's disability determinations for (1) the correctness of the legal standards applied; and (2) the existence of substantial evidence to support the factual findings. Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980); see also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is not, however, "[w]itness testimony that's clearly wrong as a matter of fact," "[f]alsified evidence,"

3

"[s]peculation," or "conclusory assertions." See Biestek 139 S. Ct. at 1159 (Gorsuch, J., dissenting).

**III. Discussion**

Plaintiff makes a single objection to the PF&R. She argues that it fails to appreciate the deficiency of the ALJ's consideration of her symptoms. This objection is a reprisal of one of plaintiff's arguments in her motion for judgment on the pleadings. (See ECF No. 20, at 18-20.) Plaintiff contends that the ALJ's decision lacks a thorough analysis of her symptoms as required by regulation, drawing particular attention to the scant discussion of her daily activities. The court disagrees. Upon de novo review, the court finds that the ALJ proficiently evaluated the extent to which plaintiff's symptoms were consistent with the record and reached conclusions tethered to substantial evidence. Moreover, any error for failing to consider, or articulate a consideration of, plaintiff's daily activities is harmless.

Magistrate Judge Rogers has accurately set forth, as follows, the regulatory framework within which an ALJ must operate when evaluating a claimant's symptoms:

> An individual's symptoms are evaluated based on consideration of objective medical evidence, an individual's statements directly to the [Social Security] Administration, or to medical sources or other sources, and the following factors:
>
> 1. Daily activities;

4

> 2. The location, duration, frequency, and intensity of pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.
>
> SSR 16-3p, at *7; 20 C.F.R. § 404.1529(c).  The ALJ at step three is to "consider the individual's symptoms when determining his or her residual functional capacity and the extent to which the individual's impairment-related symptoms are consistent with the evidence in the record."  SSR 16-3p, at *11.

Turner v. Kijakazi, No. 4:20-CV-02861-TER, 2021 WL 3758060, at *13 (D.S.C. Aug. 25, 2021).

As to the category of daily activities, the Fourth Circuit Court of Appeals has phrased the consideration of this factor in the permissive:  "In evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, ALJs may consider the claimant's daily activities."  Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 99 (4th Cir. 2020).  When determining

5

whether a claimant's activities are inconsistent with her subjective complaints, an ALJ must consider any qualifying statements about such daily activities. Id.; Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 263 (4th Cir. 2017).

But ALJs obviously are not bound by every qualifying statement. Linkous v. Astrue, No. 4:10CV16, 2011 WL 652534, at *10 (E.D. Va. Jan. 19, 2011), report and recommendation adopted, No. 4:10CV16, 2011 WL 642958 (E.D. Va. Feb. 10, 2011). By regulation, an ALJ is to accept a claimant's qualifying statements only to the extent that they are consistent with the record. See 20 C.F.R. § 404.1529 ("We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work."); see also SSR 16-3p ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence."). Because qualifying statements are essentially symptoms, ALJs assess qualifying statements for consistency with the record in the same way they assess claimants' other symptoms. See 20 C.F.R. § 404.1529.

In Brown, the ALJ "did not acknowledge" the claimant's qualifying statements and did not explain how the claimant's activities translated into the ability to work full-time. 873 F.3d at 263. Similarly, in Arakas, the ALJ "did not mention or address" myriad qualifying statements. 983 F.3d at 100. Importantly, however, "there is a stark difference between an ALJ not explicitly mentioning every scintilla of evidence . . . as compared to an ALJ selectively citing certain pieces of evidence to present a false picture of the claimant's abilities, as the ALJ did in Arakas and similar decisions." Walker v. Saul, No. 2:20-CV-00196, 2021 WL 342570, at *9 (S.D.W. Va. Jan. 6, 2021), report and recommendation adopted, No. 2:20-CV-00196, 2021 WL 329208 (S.D.W. Va. Feb. 1, 2021).

"[A]dministrative law judges aren't in the business of impeaching claimants' character." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016); see also SSR 16-3p. But there is a difference between "assess[ing] the credibility of pain *assertions* by applicants," which "obviously administrative law judges . . . continue to" do, see id. at 412 (emphasis in original), and assessing the credibility of the applicants themselves, which is no longer permissible under SSR 16-3p.

The evidence that an ALJ must consider is not necessarily coextensive with the evidence that the ALJ must explicitly discuss. Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000)

7

("Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."); Christina W. v. Saul, No. 4:19-CV-00028-PK, 2019 WL 6344269, at *4 (D. Utah Nov. 27, 2019) ("While the ALJ must consider all the evidence, she need not recite each piece of evidence she has considered.") (emphasis added); Clark v. Comm'r of Soc. Sec., No. 2:09-CV-417, 2010 WL 2730622, at *17 (E.D. Va. June 3, 2010) (no particular format required).

Though related, evaluation and articulation requirements are distinct. In the Fourth Circuit, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence." Reid v. Commissioner of Social Sec., 769 F.3d 861, 865 (4th Cir. 2014). What is required, at bottom, is an articulation clear enough such that the claimant "and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p.

Plaintiff testified, in essence, that she has back pain almost all day every day that is alleviated completely only by lying on her side, and that her treatment has been almost entirely ineffective. When asked to describe her pain at the hearing, she said it was sharp and aching and, at that moment,

8

was "a ten." (AR at 46.) She wanted to have surgery but could not because of an insurance coverage issue.

But according to one treating physician (the one who raised surgery as an option), the surgery option was "controversial." (AR at 378.)[3] And a subsequent treating physician opined that plaintiff was "not a candidate for surgery." (AR at 504.)[4] And yet another treating physician concurred. (AR at 421 ("I do not see any surgically remediable pathology.").)

There is substantial evidence in the record that could reasonably be considered inconsistent with plaintiff's alleged symptoms. Although one treating physician thought that plaintiff was incapacitated and might be a candidate for surgery, two treating physicians thereafter thought otherwise. Examinations were consistently unremarkable and arguably not in accord with plaintiff's claims of debilitating pain. The state agency consultants thought that plaintiff could perform medium work.[5] The thorough PF&R goes into greater detail, and the court need not repeat all the evidence here.

---

[3] The same doctor stated that plaintiff's "three options" were (1) "do nothing," (2) apply for disability, or (3) undergo surgery. (Id.)

[4] That doctor also opined that continued treatment of plaintiff with opioids was a "bad idea." (See id.)

[5] The ALJ stated that she gave little weight to these opinions because she thought the evidence established that plaintiff could perform only light work; nevertheless, the opinions

9

Plaintiff's description of her symptoms painted one picture, and record as a whole arguably painted a quite different one. The ALJ reasonably resolved the conflict and explained how she did so. Plaintiff concedes that there is no required format for the ALJ's analysis, but plaintiff insists on something more than what was done. The only concrete criticism that plaintiff provides, however, is that the ALJ did not go into enough detail about her daily activities. An explicit discussion of those activities was not required.

Even assuming that the ALJ was required both to consider and to articulate the ALJ's consideration of plaintiff's daily activities, such error was harmless. Plaintiff cites cases finding fault with ALJs who used claimants' daily activities against them without considering the claimants' alleged limits on those activities. See Woods, 888 F.3d at 694; Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006). The error, in other words, was in using exaggerated daily activities as a sword against claimants.

Here, plaintiff claims a quite different error: that the ALJ did not use plaintiff's daily activities to bolster her alleged symptoms. Even assuming that the ALJ did not thoroughly

---

support the conclusion that plaintiff could perform light work. Moreover, the ALJ's critique of these consultants' opinions bespeaks the independence of her review of the evidence.

10

consider plaintiff's daily activities in evaluating plaintiff's symptoms, the court is not persuaded that a detailed consideration of those activities is likely to make a difference here. The alleged limitations on plaintiff's activities are, in effect, an extension of her claim that her debilitating pain renders her unable to sit, stand, walk, or work for prolonged periods. Substantial evidence supports the ALJ's decision not to credit that claim.

Accordingly, the court **OVERRULES** plaintiff's objection.

## IV. Conclusion

The court has reviewed Magistrate Judge Aboulhosn's PF&R, defendant's objection to the PF&R, and the pertinent portions of the administrative record. In so doing, the court has made a de novo determination of those issues within the PF&R to which defendant objected.

Based on the foregoing, the court adopts the PF&R as follows:

1. Plaintiff's motion for judgment on the pleadings (ECF No. 19) is **DENIED;**
2. Defendant's request to affirm the decision below (ECF No. 22) is **GRANTED;**
3. Defendant's final decision is **AFFIRMED;** and
4. The case is **DISMISSED** from the court's docket.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 22nd day of September, 2021.

ENTER:

David A. Faber
Senior United States District Judge